# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

Union de Tronquistas de Puerto Rico, Local 901, et al.,

    Plaintiffs,

              v.

United Parcel Service, Inc.,

    Defendants.

Civil No. 17-1288 (SEC)

## OPINION & ORDER

This case arises from a labor arbitration held between Plaintiffs Union de Tronquistas de Puerto Rico, Local 901 (the "Union"), Julio Montes ("Montes"), and Defendant United Parcel Service, Inc. ("UPS"). After the Arbitrator ruled in UPS's favor, the Union filed suit in state court seeking to vacate the award. UPS removed the suit to this Court invoking § 301 of the Labor Management Relations Act, 29 U.S.C. § 185,[1] and now moves for summary judgment. ECF No. 11. The motion is granted.

### I.    Background

As a threshold matter, the Court notes that the Union's response to the motion for summary judgment is tardy. And even after UPS moved to strike the response on that ground, the Union stayed silent. Consequently, the Court grants as unopposed UPS's motion to strike the response and the accompanying statement of facts from the record.

---

[1] This section vests federal district courts with jurisdiction to hear actions for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185 (a).

The statement of facts submitted by UPS is deemed admitted, and a summary is provided below.[2]

The parties to this action are bound by a collective bargaining agreement ("CBA") that contains a grievance procedure for the resolution of disputes involving the "interpretation, application and/or administration of the agreement." ECF No. 11-2, ¶ 1. According to the CBA, "[w]hen an employee has a complaint about the administration or interpretation of the [CBA], it shall be discussed with his supervisor, and if they do not reach a satisfactory agreement, the employee will bring the case in writing to the delegate […] within ten (10) days of the occurrence… ." Further, "[a]ny grievance not presented, taken to the next step or answered within the established timeframe will be resolved based on the company's last position if the union fails to abide with the agreed timeframe … ." ECF No. 11-2, ¶ 7.

In December 2014, several UPS executives held a meeting with Julio Montes, a company driver, and informed him that he would be terminated for allegedly damaging the transmission of a delivery vehicle. In response, the Union filed a grievance under the CBA on behalf of Montes, through which it challenged the propriety of the dismissal. At the arbitration hearing, UPS argued that the grievance was not procedurally arbitrable because Montes had failed to comply with the procedure set forth in the CBA. In the end, the Arbitrator agreed with UPS and dismissed the dispute.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered after a moving party passes a two-prong test. A summary judgment is justified where "the pleadings, depositions, answers to interrogatories, and admissions

---

[2] That the motion for summary judgment is unopposed does not mean that the Court can grant it as a matter of course. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7–8 (1st Cir. 2002) (holding that a district court may not automatically grant a motion for summary judgment simply because it is unopposed; rather, "the court must determine whether summary judgment is 'appropriate,' which means that it must assure itself that the moving party's submission shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"); cf. Rodriguez-Salgado v. Somoza-Colombani, 937 F. Supp. 2d 206, 211 (D.P.R. 2013) (noting that summary grants *are* allowed for motions to dismiss under Rule 12). Because the parties' arguments essentially overlap on the question of whether the award should be confirmed or vacated, the Court shall simply address the Union's motion head-on.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A fact is "material" when it has the potential to change the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On the other hand, a fact is "genuine" when there is sufficient evidence wherein a "reasonable jury could return a verdict for the nonmoving party." Id. Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Id., at 252.

After the moving party meets this burden, the responsibility shifts to the non-moving party to show that there still exists "a trialworthy issue as to some material facts." Cortés–Irizarry v. Corporación Insular De Seguros, 111 F.3d 184, 187 (1st Cir. 1997) (citing Coyne v. Taber Partners I, 53 F.3d 454, 457 (1st Cir. 1995)). At the summary judgment stage, the trial court reviews "the record 'in the light most flattering to the non-movant and indulg[es] in all reasonable references in that party's favor.' Only if the record, viewed in that manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997) (internal citations omitted). However, summary judgment is inappropriate where there are issues of motive and intent as related to the material facts. See Poller v. Columbia Broad. Sys., 368 U.S. 464, 473 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); see also Dominguez–Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 433 (1st Cir. 2000) (finding that "determinations of motive and intent ... are questions better suited for the jury").

Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala–Gerena v. Bristol Myers–Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (internal citations omitted). However, while the Court "draw[s] all reasonable inferences

in the light most favorable to [the non-moving party] ... we will not draw unreasonable inferences or credit bald assertions, empty conclusions, [or] rank conjecture." Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted).

Further, the Court will not consider hearsay statements or allegations presented by parties that are not properly supported by the record. See D.P.R. Civ. R. 56(e)("The [C]ourt may disregard any statement of fact not supported by a specific citation to the record material properly considered on summary judgment. The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced."); see Morales v. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001) (citing which held that, where a party fails to reinforce factual issues with correct record citations, judgment against that party may be appropriate); see also Caraballo v. Hospital Pavia Hato Rey Inc., 2017 WL 1247872, *4 (D.P.R. May 31, 2017).

Most notably, if a defendant fails to file an opposition to the motion for summary judgment, the district court may consider the motion as unopposed and disregard any subsequently filed opposition. See Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). Furthermore, the district court must take as true any uncontested statements of fact. Id. at 41–42; see D.P.L.R. 311.12; see Morales, 246 F.3d at 33 ("This case is a lesson in summary judgment practice.... [P]arties ignore [Rule 311.12] at their own peril, [and] ... failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.")(internal citations and quotations omitted). Nonetheless, this does not mean that summary judgment will be automatically entered in favor of the moving party, as the court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." See Velez, 375 F.3d at 42.

### III. Discussion

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, empowers federal courts to review an arbitration conducted under the terms of a collective bargaining agreement. Under this statute, the Court has limited jurisdiction to overturn the award on the merits, and also to ensure that the arbitrator does not ignore the contract and dispense "his own brand of industrial justice." Pan Am. Grain Mfg., Inc. v. Congreso de Uniones Industriales De P.R., 544 F. Supp. 2d 95, 97 (D.P.R. 2008) (citing Kraft Foods Inc. v. Office and Professional Employees International Union, 203 F.3d 98, 100 (1st Cir. 2000)).

The scope of review allowed under § 301, however, is "among the narrowest known in the law." Maine Cent. R.R. Co. v. Bhd. of Maint. of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989); Kraft Foods, 203 F.3d at 100.[3] This is so because the parties explicitly "contracted to have disputes settled by an arbitrator chosen by them" rather than by a judge; "it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept." United Paperworkers Intern. Union v. Misco, Inc., 484 U.S. 29, 37–38 (1987). Thus, the court is bound by the facts as the arbitrator found them. Kraft Foods, Inc., 203 F.3d at 99 (citing United Paperworkers, 484 U.S. at 37).

An arbitration award will be confirmed if it "rests on a plausible interpretation of the underlying contract." Salem Hosp. v. Massachusetts Nurses Ass'n, 449 F.3d 234, 238 (1st Cir. 2006). In fact, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is

---

[3] This is partly because there is a strong presumption of arbitrability in actions covered by an arbitration clause. Union de Tronquistas de Puerto Rico, Local 901 v. Cadillac Unif. & Linen Supply, Inc., 257 F. Supp. 3d 188, 191 (D.P.R. 2017) (citations omitted). The Court notes that "[i]t is unclear whether the Federal Arbitration Act (FAA)— which, of course, does not apply of its own force, 9 U.S.C. § 1, but may be nonetheless consulted for guidance in fashioning federal common law under § 301, — or LMRA § 301 governs in cases like this one, which concerns arbitration under a collective-bargaining agreement." Union Independiente de Trabajadores de la Cerverceria India v. Cerveceria India, Inc., 994 F. Supp. 2d 205, 210 n.3 (D.P.R. 2014). But like in Cerveceria India, this is a case where "neither party has invoked the FAA's expedited review provisions; the original complaint was filed in state court, presumably under state law; and the case arises under § 301, which the Union does not dispute." Id. The First Circuit has declined to apply the FAA in this type of situation. Id. Accordingly, the Court shall proceed under the assumption that the common law of labor arbitration, and the standards for review derived therefrom, is controlling.

convinced he committed serious error does not suffice to overturn his decision." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987). It should not be a surprise, then, that federal courts rarely find cause to "tinker with an arbitral award made under the aegis of a collective bargaining agreement." El Dorado Tech. Servs., Inc. v. Union Gen. De Trabajadores De P.R., 961 F.2d 317, 318 (1st Cir. 1992).

That said, "an arbitrator's decision is not entirely impervious to judicial oversight." Salem Hosp., 449 F.3d at 238. A labor arbitration award may be vacated on the merits if it was "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." Local 1445, United Food & Commercial Workers Int'l Union, AFL–CIO v. Stop & Shop Cos., Inc., 776 F.2d 19, 21 (1st Cir. 1985); see also Trustees of Boston University v. Boston University Chapter, 746 F.2d 924 (1st Cir. 1984).[4] Likewise, review is proper if there exist "circumstances that impugn[] the integrity of the arbitration." Ramirez-Lebron v. Int'l Shipping Agency, Inc., 593 F.3d 124, 131 (1st Cir. 2010) (citing Harris v. Chem. Leaman Tank Lines, Inc., 437 F.2d 167, 171 (5th Cir. 1971) (per curiam)). This may happen, for instance, if the award was secured through fraud or deceit, or if the grievance procedure was a "sham, substantially inadequate or substantially unavailable." Id.

The Union first argues that UPS waived the defense of procedural arbitrability – that is, the grounds upon which the arbitrator issued the award. The Court finds otherwise.

On substantive arbitrability, the question is whether the parties have agreed to submit a particular dispute to arbitration. Procedural arbitrability, on the other hand, deals with "questions concerning allegations of waiver, defenses to arbitrability, and

---

[4] In 2008, the Supreme Court decided Hall Street Assocs., L.L.C. v. Mattel, Inc., where it held that the "manifest disregard of the law" doctrine was not an independent ground for vacating an arbitral award under the FAA. 552 U.S. 576 (2008). To the Court's knowledge, even almost a decade later, it remains an open question whether the same restriction applies to cases arising under § 301 of the LMRA. See e.g. Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 124 (1st Cir. 2008) (declining to decide whether the "manifest disregard" doctrine was available to vacate an arbitral award reviewed under § 301 since the claim would fail regardless).

whether conditions precedent to arbitrability have been fulfilled." Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd., 683 F.3d 18, 25 (1st Cir. 2012). Here, the question whether the Union complied with the grievance procedure is a "prototypical one of procedural arbitrability," which is presumptively a matter "for the arbitrator to decide." Union Independiente de Trabajadores de la Cerverceria India v. Cerveceria India, Inc., 994 F. Supp. 2d 205, 212 (D.P.R. 2014).

       The Union's argument on this front is self-defeating. For starters, the Union freely concedes that the defense of procedural arbitrability is "jurisdictional" in nature. See ECF No. 17, p. 3. If this holds true, as some cases submitted by UPS appear to suggest, then it should not be subject to waiver and may be raised at any time – at least within the arbitration proceeding. See e.g. Hamer v. Neighborhood Hous. Servs. of Chicago, 138 S. Ct. 13, 17 (2017) (failing to comply with a statutory time prescription is a jurisdictional defect that cannot be waived, and requires dismissal); United States v. Cotton, 535 U.S. 625, 630 (2002) (defects in subject-matter jurisdiction can never be forfeited or waived).[5] The Union proffers no rebuttal. Nor does it provide any authority for the proposition that the defense employed by UPS is otherwise subject to waiver or forfeiture. In addition, the CBA is silent on the matter. This bare-boned argument, thus, fails from the outset.

       Even if the procedural arbitrability defense could somehow be waived, the Court is hard-pressed to see why waiver happened under these circumstances. The Union concedes that UPS actually raised the argument, and only complains that it raised it *too late*.[6] If that were true, then the logical follow-up question is: how late is "too late"? When was the latest point at which UPS could have presented the defense? The Union provides no clear alternative. In any event, the record shows that UPS raised the defense

---

[5] Although there is no need to decide this issue here, the Court notes that, according to the First Circuit, these questions of "procedural arbitrability […] concern the scope of the [Arbitrator's] own jurisdiction." Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd., 683 F.3d 18, 25 (1st Cir. 2012).

[6] Incidentally, the correct term for this type of argument is "forfeiture" – not "waiver." As the Supreme Court has explained, "forfeiture is the failure to make the timely assertion of a right[;] waiver is the 'intentional relinquishment or abandonment of a known right.' " United States v. Olano, 507 U.S. 725, 733 (1993). But since it makes no difference for the resolution of this case, the Court follows the parties' chosen terminology.

at the arbitration hearing, and both parties fully discussed the matter in post-hearing briefs. And on this front, the CBA is silent. For these reasons, the Court finds the Union's argument unpersuasive.

The Union next argues that UPS was "estopped" from presenting its procedural arbitrability defense to the Arbitrator. While the Union argues that an "employer's own actions may prevent" it from raising the defense of procedural arbitrability, it fails to mention what actions, in particular, estopped UPS from presenting that defense before the Arbitrator. On the other hand, the Union also complains that the award contains no explicit findings of fact nor conclusions of law. This deficit, argues the Union, constitutes a violation of due process. This argument is also fundamentally flawed since the award specifically mentions that it incorporates, by reference, what UPS stated in its post-hearing brief. See ECF No. 11-6 at p. 5; see e.g. Hoteles Condado Beach La Concha v. Union de Tronquistas de Puerto Rico, Local 901, 632 F. Supp. 6, 7 (D.P.R. 1986) (under § 301, district court refused to vacate an award that adopted by reference one of the parties' briefs but did not contain independent findings of fact and conclusions of law).

On the other hand, the Union has failed to discuss, let alone cite, any authority relating to the doctrines it invokes here. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). By failing to "spell out its arguments squarely and distinctly," the Union waived these arguments. Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988).

Finally, the Union contends that that the Arbitrator erred in finding that it had failed to comply with the CBA's grievance procedures. Although the Union's brief is very murky on this point, the answer to this challenge is simple: the Court simply cannot review any factual findings, credibility determinations, or legal conclusions made by the Arbitrator in this case. Challenger Caribbean Corp. v. Union General de Trabajadores

de Puerto Rico, 903 F.2d 857, 860 (1st Cir. 1990) ("We do not sit as a court of appeal to hear claims of factual or legal error by an arbitrator or to consider the merits of the award."). This holds true even if the Court were convinced that the Arbitrator made a "serious error of fact or law." UMass Mem'l Med. Ctr., Inc. v. United Food & Commercial Workers Union, Local 1445, 527 F.3d 1, 5 (1st Cir. 2008). On the merits, all the Court needs to check is whether the award "draws its essence" from the CBA; that is, whether the "arbitrator employed a plausible construction of the collective bargaining agreement between the parties." Asociacion de Empleados del Estado Libre Asociado de Puerto Rico v. Union Internacional de Trabajadores de la Industria de Automoviles, Aeroespacio e Implementos Agricolas, U.A.W. Local 1850, 559 F.3d 44, 46 (1st Cir. 2009); El Dorado, 961 F.2d at 319 ("a court should uphold an award that depends on an arbitrator's interpretation of a collective bargaining agreement if it can find, within the four corners of the agreement, any plausible basis for that interpretation"). That, it does.

As mentioned above, the grievance procedure set forth in the CBA required an employee to "discuss" any complaints regarding the CBA "with his supervisor[.]" See ECF No. 11-2 at p. 3. The CBA further provides that, if "they do not reach a satisfactory agreement, the employee will bring the case in writing to the delegate […] within ten (10) days of the occurrence." Id. At the arbitration hearing, both parties submitted evidence and called witnesses to testify on the question of whether the Union had complied with this procedure. See Id. at ¶ 10-14. In particular, UPS called Montes' immediate supervisor, Ortiz, who "testified that he was present during the December 31, 2014 meeting in which Montes was notified of his termination;" and that "Montes did not discuss his termination with him" on that date. Id. at ¶ 14. UPS also showed that Montes never submitted his complaint to the delegate within the 10 days required by the CBA, and the Union failed to provide any evidence to rebut this claim. Id.

On this record, it is impossible to conclude that the arbitrator dispensed "his own brand of industrial justice," United Steelworkers of Am., 363 U.S. at 597, or that the

award is "unfounded in reason or fact." <u>Stop & Shop</u>, 776 F.2d at 21. To the contrary, the arbitrator had ample grounds to conclude that the Union failed to comply with the grievance procedure under the CBA. With no challenges remaining, the award is confirmed.

### IV. Conclusion

The motion for summary judgment is granted, and the award is confirmed. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of March, 2018.

<u>*s/ Daniel R. Dominguez*</u>
DANIEL R. DOMINGUEZ
U.S. Senior District Judge